IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REAL ESTATE SCHOOL OF NEVADA, a Nevada corporation; REALTYSCHOOL.COM, LLC, a Nevada limited liability company; and LYNN E. WARDLEY, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>TIM J. KAPP, an individual; CITIGEN, LLC, a Utah limited liability company; REBOUND STRATEGIES, a Nevada limited liability company; REBOUND STRATEGIES SERIES OF HENDERSON SYSTEMS, LLC, a Nevada limited liability company; and ADDO RECOVERY, LLC, a Utah limited liability company;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING MOTION TO DISMISS IN PART**<br><br><br>Case No. 2:15-cv-00043-DN<br><br>District Judge David Nuffer |

Defendant Addo Recovery, LLC ("Addo") filed a motion to dismiss ("Motion")[1]

Plaintiffs' third, eleventh, and twelfth claims set forth in Plaintiffs' First Amended Complaint

("Amended Complaint")[2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The matter has been fully briefed by the parties. For the reasons set forth herein, Addo's motion

is GRANTED IN PART and DENIED IN PART. The motion to dismiss Plaintiffs' third claim

for aiding and abetting the breach of a fiduciary duty[3] is GRANTED. The motion to dismiss

---

[1] Motion to Dismiss Amended Complaint and Memorandum in Support, docket no. 19, filed April 16, 2015.

[2] First Amended Complaint, docket no. 17, filed April 13, 2015.

[3] Amended Complaint ¶ 87, at 15.

Plaintiffs' eleventh claim for breach of contract[4] and Plaintiffs' twelfth claim for unjust

enrichment[5] is DENIED.


## TABLE OF CONTENTS

BACKGROUND ...................................................................................................... 2
STANDARD OF REVIEW—MOTION TO DISMISS ............................................ 6
ANALYSIS ............................................................................................................... 8
    I.   Plaintiffs' Third Claim: Aiding and Abetting the Breach of a Fiduciary Duty .................. 8
    II.   Plaintiffs' Eleventh Claim: Breach of Contract .......................................... 11
    III.   Plaintiffs' Twelfth Claim: Unjust Enrichment ........................................... 12
ORDER ................................................................................................................... 14

## BACKGROUND

When considering a motion to dismiss for failure to state a claim, a court presumes the

thrust of all well-pleaded facts in the complaint, but need not consider conclusory allegations.[6]

Therefore, the recitation of allegations in this order are from the Amended Complaint only and

are accepted as true for the purposes of determining this motion.  Any disputes with the

allegations in the Amended Complaint and subsequent responses are disregarded for the

purposes of this motion.

This case is based on an intricate web of relationships between various businesses and

those businesses' members and managers.[7]  In mid-2011, Defendant Tim J. Kapp solicited an

investment from Plaintiff Lynn E. Wardley to create Rebound, a small start-up company that

---

[4] *Id.* ¶ 174, at 26.

[5] *Id.* ¶ 185, at 27.

[6] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[7] *Id.* at 2.

focused on helping smokers overcome their smoking addictions.[8]  On October 5, 2011, Rebound,

LLC was formed with Mr. Kapp as the initial manager of the company.[9]  Ownership of Rebound

was vested in three members: (1) 55% in Citigen, LLC (Mr. Kapp's personal company); (2) 35%

in Rebound Strategies Series of Henderson Systems, LLC; and (3) 10% in Mr. Wardley.[10]  Mr.

Wardley, in addition to being a member of Rebound, is the President of Real Estate School of

Nevada, Inc. and a member of RealtySchool.com ("Realty School").[11]

      In late 2013 or early 2014, Mr. Kapp expressed a desire to merge Rebound and Addo—a

small business that offers access to an online library of videos, audio programs, and assessments

for members who work to overcome certain addictions and emotional problems.[12]  To

successfully merge with Addo, Rebound's Operating Agreement required a super-majority

(75%) approval by Rebound's ownership.[13]

      In early 2013, entirely apart from their joint creation of Rebound, Mr. Kapp and Citigen

assisted Mr. Wardley and Realty School in procuring computer software which the parties refer

to as the learning management system ("LMS").[14]  In late 2013 or early 2014, Rebound, Realty

School and Addo entered into a "what appeared to be a mutually agreeable bargain."[15]  Realty

School agreed to provide Addo with a temporary license to Realty School's LMS, which Realty

---

[8] *Id.* ¶ 11, at 4.

[9] *Id.* ¶ 12, at 4.

[10] *Id.* ¶ 13, at 4.

[11] *Id.* ¶ 1, at 3.

[12] *Id.* ¶ 45–47, at 8.

[13] *Id.* ¶ 50, at 9.

[14] *Id.* ¶ 25, at 6.

[15] *Id.* ¶ 1, at 3.

School itself described as "poorly designed and poorly executed."[16]  In exchange, Addo agreed to produce for Rebound a video-based online addiction course for smokers.[17]  Thereafter, the "mutually agreeable bargain" called for Realty School to provide Addo with a proposed contract to use the LMS for a reasonable fee.[18]

In accordance with the "mutually agreeable bargain," Realty School did provide a temporary license to Addo to use the LMS, and Addo used the LMS.[19]  Addo created video content to assist smokers in overcoming their addiction and provided access to those videos to Mr. Kapp and Rebound.[20]  Realty School later proposed a software licensing agreement to Addo which Addo rejected.[21]  The Amended Complaint does not allege that the "mutually agreeable bargain" required Addo to accept the proposed software license agreement.

Plaintiffs filed a Complaint on January 22, 2015.[22]  The Complaint named multiple defendants (including Addo) and alleged claims against Addo for aiding and abetting the breach of a fiduciary duty, breach of contract, and unjust enrichment.[23]  On March 23, 2015, Addo filed a Motion to Dismiss for Failure to State a Claim.[24]  Plaintiffs then filed their First Amended Complaint on April 13, 2015.  The Amended Complaint's allegations related to Addo include the following:

---

[16] *Id.* ¶ 36, at 7; ¶ 53, at 9.

[17] *Id.* ¶ 54, at 9.

[18] *Id.* ¶ 54, at 9.

[19] *Id.* ¶ 55, at 9

[20] *Id.* ¶ 1, at 3.

[21] *Id.* ¶ 90(e-f), at 16.

[22] Complaint, docket no. 2, filed January 22, 2015.

[23] *Id.*

[24] Motion to Dismiss for Failure to State a Claim, docket no. 14, filed March 23, 2015.

44.      . . . Mr. Kapp has specifically aligned himself with Addo and Addo's interests to the direct and significant detriment of Rebound, and in breach of his fiduciary duties.

. . . .

52.      Initially, to move toward an online course and service based business model, a three-way deal was struck with Addo.

53.      Mr. Wardley (as Rebound member) and Realty School agreed to provide Addo with a temporary, but free, license to Realty School's LMS.

54.      In exchange, Addo agreed to produce a complete video-based online addiction course for smokers.  Thereafter, the agreement called for Realty School to provide Addo and Rebound with a contract or license to use the LMS for a reasonable fee.

55.      In accordance with the agreement, Mr. Wardley and Realty School delivered the LMS to Addo, and Addo began using the LMS.

56.      On information and belief, Addo provided Mr. Kapp with access to a video course, but Plaintiffs have not yet been able [to] ascertain whether the video course was complete.[25]

Addo then filed a Motion to Dismiss Amended Complaint and Supporting Memorandum of Defendant Addo Recovery, LLC on April 16, 2015.  Addo contends that Plaintiffs' Amended Complaint fails to state claims upon which relief can be granted.[26]  Specifically, Addo argues that the third claim should be dismissed because Addo owed no fiduciary duty to Mr. Wardley and the Plaintiffs have failed to plead a plausible claim for aiding and abetting against Addo.[27]  Further, Addo argues that the eleventh (breach of contract) and twelfth (unjust enrichment)

---

[25] Amended Complaint ¶ 44, 52–56, at 8–9.

[26] Motion at 1.

[27] Motion at 2.

claims should be dismissed because sufficient facts are not alleged in the Amended Complaint to establish agreements or relationships between the Plaintiffs and Addo.[28]

Plaintiffs then filed a Memorandum in Opposition to Defendant Addo Recovery, LLC's Motion to Dismiss on May 4, 2015.[29]  Plaintiffs argue that Addo knowingly participated in Mr. Kapp's breach of a fiduciary duty to Mr. Wardley.[30]  Plaintiffs further argue that Addo breached the "mutually beneficial agreement" between itself, Rebound, and Realty School but still received the benefit of using the LMS.[31]

## STANDARD OF REVIEW—MOTION TO DISMISS

Defendants are entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[32]  When considering a motion to dismiss for failure to state a claim, a court presumes the thrust of all well-pleaded facts in the complaint, but need not consider conclusory allegations.[33]  Nor is a court bound to accept the complaint's legal conclusions and opinions, whether or not they are couched as facts.[34]  "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."[35]

---

[28] *Id.*

[29] Memorandum in Opposition to Defendant Addo Recovery, LLC's Motion to Dismiss, docket no. 21, filed May 4, 2015.

[30] *Id* at 2.

[31] *Id* at 3.

[32] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[33] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[34] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[35] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). *See also Tellabs, Inc. v. Makor*

The United States Supreme Court has held that satisfying the basic pleading requirements of the federal rules "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[36]  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[37]  "[N]aked assertions devoid of further factual enhancement,"[38] does not state a claim sufficiently to survive a motion to dismiss.

"But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[39]  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[40]  That is, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[41]  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional

---

*Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

[37] *Id.*

[38] *Id.*

[39] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

[40] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[41] *Robbins v. Oklahoma* 519 F.3d 1242, 1247–48 (10th Cir. 2008).

allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[42]

## ANALYSIS

### I.   Plaintiffs' Third Claim: Aiding and Abetting the Breach of a Fiduciary Duty

Plaintiffs' third claim alleges Addo aided and abetted Mr. Kapp's breach of a fiduciary duty owed to Mr. Wardley.[43]   Utah law recognizes a cause of action for aiding and abetting the breach of a fiduciary duty.[44]   This claim has three elements.[45]   A plaintiff must show that (1) a breach of a fiduciary duty owed to the plaintiff; (2) the defendant's knowing participation in the breach; and (3) damages.[46]   The gravamen of the claim is the defendant's knowing participation in the fiduciary's breach.[47]   "Knowing participation" means that the act was done voluntarily and intentionally, and not because of mistake or accident.[48]

The Plaintiffs' allegations about Addo's involvement are that:

(a) Mr. Kapp utilizes the email address tkapp@addorecovery.com;

(b) On August 25, 2014, Mr. Kapp advised Mr. Wardley that Addo would be moving off the Realty School LMS to some other company's software system;

(c) On August 27, 2014, Addo's managing partner, Danny Jackson, stated that although he believed licensing terms for the LMS were different than those identified by Realty School, as far as he was aware, Addo would be continuing on Realty School's system;

---

[42] *Id.* at 1248.

[43] Amended Complaint ¶ 87, at 15.

[44] *Mower v. Simpson*, 278 P.3d 1076, 1088 (Utah Ct. App. 2012).

[45] *Id.*

[46] *Id*. (quoting *Future Group, II v. Nationsbank*, 478 S.E.2d 45, 49 (S.C. 1996).)

[47] *Id.*

[48] *See Russell/Packard Development Inc. v. Carson*, 78 P.3d 616, 626 (Utah Ct. App. 2003).

(d) On August 27, Mr. Kapp stated that he had received communications "via Addo" and also that he understood Realty School would be "working with Addo over the next weeks to come up with a new licensing agreement with terms TBD;"

(e) On September 24, 2014, Realty School provided a software licensing agreement to Addo by email to Mr. Jackson;

(f) On September 25, 2014, Addo rejected the software licensing agreement by email, but not before circulating Addo's draft response to the email to Mr. Kapp and speaking with Mr. Kapp regarding the same;

(g) Mr. Kapp personally began to work on new software to take care of Addo's needs; and

(h) Mr. Kapp, on behalf of Addo, requested data from Realty School so that Addo could discontinue its use of Realty School's LMS.[49]

But the Amended Complaint does not allege that Addo knowingly participated in an underlying breach of a fiduciary duty. The Amended Complaint merely alleges that Addo knew that Mr. Kapp and Mr. Wardley had a business relationship and interacted. Addo's familiarity with the Kapp-Wardley business relationship is not sufficient for the "knowing participation" required to support a claim for aiding and abetting the breach of a fiduciary duty.[50] The Complaint must not only allege knowledge of a relationship and interactions but also allege actual knowledge of actions related to the underlying breach of the duty.[51]

The Amended Complaint alleges that Mr. Kapp breached his fiduciary duty to Wardley and Rebound in the following ways:

(a) By allowing Rebound to fall behind in monthly payments to Mr. Kelley;

(b) By failing to bring Mr. Kelley current with funds wired by Mr. Wardley for that express purpose;

---

[49] Amended Complaint ¶ 90(a) –(h), at 16.

[50] 278 P.3d 1076 at 1088.

[51] *Id.*

(c) By relinquishing Rebound's rights to QuitSmoking.com and the other internet domains instead of bringing Rebound current in its payment obligations under the Asset Purchase Agreement;

(d) By disposing of Rebound's assets without first obtaining a Super-Majority vote of members' interests;

(e) By placing the needs of Addo before the interests of Rebound and its members;

(f) By failing to explore alternative methods of obtaining, or using, video content Mr. Kapp alleged was critical to Rebound's success;

(g) By making the unilateral decision to scuttle Rebound's business operations; and

(h) By denying Mr. Wardley's additional ownership interest in Rebound, and at the same time, failing to return funds contributed to Mr. Wardley which were not used for their intended purpose.[52]

The Amended Complaint makes no allegation that Addo had actual knowledge of these actions.  This claim is therefore DISMISSED because it fails to allege knowing participation, the second element of aiding and abetting the breach of a fiduciary duty.

There are other issues which may guide Mr. Wardley if the claim is amended.  For a claim for aiding and abetting the breach of a fiduciary duty to survive a motion to dismiss, there must be allegations of an underlying breach of a fiduciary duty.[53]  As the manager of Rebound, Mr. Kapp owed a fiduciary duty to Rebound.  But it is unclear that this relationship gives Mr. Kapp a fiduciary relationship with Mr. Wardley personally.[54]  And while Mr. Kapp's actions may not have always been in the best interests of Mr. Wardley, this does not necessarily mean that Mr. Kapp breached a fiduciary duty.

---

[52] Amended Complaint ¶ 74(a) –(h), at 11-12.

[53] See *IOSTAR Corp. v. Stuart*, No. 1:07-CV-133, 2009 WL 270037, at *9 (D. Utah Feb. 3, 2009).

[54] *Id.*

## II.        Plaintiffs' Eleventh Claim: Breach of Contract

Plaintiffs' eleventh claim alleges Addo breached its contract with Rebound.[55]  This claim has four elements.[56]  A plaintiff must show (1) the existence of a contract; (2) performance by the party seeking recovery; (3) breach of the contract by the other party; and (4) damages.[57]

Sufficient facts are pled to allege existence of a contract.  Some sort of "mutually agreeable bargain" existed between Rebound, Addo, and Realty School.[58]  However, it is unclear if the "mutually agreeable bargain" constitutes an enforceable contract.[59]  There are no clear allegations of the terms of the bargain or whether any documentary evidence exists.

There are sufficient facts pled to allege performance.  For example, Plaintiffs allege that Realty School provided Addo with a temporary license to use the LMS and that Addo did indeed use the LMS.[60]

Allegations are sufficient that performance of the "mutually beneficial agreement" may not be complete.[61]  For example, Plaintiffs allege that Addo has provided Rebound and Mr. Kapp with access to a video course, but Plaintiffs have not yet been able to ascertain whether the video course was complete.[62]

---

[55] Amended Complaint at 26.

[56] *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001).

[57] *Id*.

[58] Amended Complaint ¶ 1, at 3.

[59] *Id.* ¶ 52–60, at 9.

[60] *Id.*

[61] *Id.* ¶ 56, at 9.

[62] *Id.* ¶ 1, at 3; ¶ 56, at 9.

Viewed in the light most favorable to the Plaintiffs, these allegations are sufficient to assert that Addo breached a contract.  Therefore Addo's motion to dismiss Plaintiffs' claim for breach of contract is DENIED.

### III.    Plaintiffs' Twelfth Claim: Unjust Enrichment

Plaintiffs' twelfth claim alleges Addo was unjustly enriched by Real Estate School of Nevada and RealtySchool.com.[63]  This claim has three elements.[64]  A plaintiff must show (1) a benefit conferred on one person by another; (2) an appreciation or knowledge of the benefit by the conferee; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.[65]

Sufficient facts have been pled to allege that Mr. Wardley and Realty School provided the LMS to Addo for some period of time.[66]  For example, Plaintiffs allege that the parties entered into the "mutually agreeable bargain" sometime in late 2013 or early 2014 and that Realty School delivered the LMS to Addo at some point after that.[67]

Plaintiffs further allege that Addo used the LMS until sometime in September 2014 when Addo rejected the proposed software licensing agreement.[68]  This shows Addo's knowledge and appreciation of the benefit.

---

[63] *Id.* at 27.

[64] *Desert Miriah, Inc. v. B&L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000).

[65] *Id*.

[66] Amended Complaint ¶ 55, at 9.

[67] *Id.* ¶ 1, at 3; ¶ 56, at 9.

[68] *Id*. ¶ 75(e)(iii)(5), at 13.

Sufficient allegations state that the video content provided by Addo to Rebound may or may not be complete.[69]  For example, Plaintiffs allege that Addo has provided Rebound and Mr. Kapp with access to a video course, but Plaintiffs have not yet been able to ascertain whether the video course was complete.[70]

Viewed in the light most favorable to the Plaintiffs, these allegations are sufficient to assert that Addo has been unjustly enriched by use of the LMS.  Therefore Addo's motion to dismiss Plaintiffs' claim for unjust enrichment is DENIED.

---

[69] *Id.* ¶ 56, at 9.

[70] *Id.* ¶ 1, at 3; ¶ 56, at 9.

**ORDER**

For the reasons stated above, the Motion[71] is GRANTED IN PART and DENIED IN

PART as follows:

    1.      Defendant's motion to dismiss Plaintiffs' third claim for aiding and abetting the

breach of a fiduciary duty[72] is GRANTED;

    2.      Defendant's motion to dismiss Plaintiffs' eleventh claim for breach of contract[73]

is DENIED;

    3.      Defendant's motion to dismiss Plaintiffs' twelfth claim for unjust enrichment[74] is

DENIED.

    IT IS FURTHER ORDERED that on or before August 28, 2015, Plaintiffs may file an

amended complaint, modified only as to their third claim for relief.

    Dated August 10, 2015.


                                    BY THE COURT:

                                    David Nuffer
                                    United States District Judge

---

[71] Motion to Dismiss Amended Complaint and Memorandum in Support, docket no. 19, filed April 16, 2015.

[72] First Amended Complaint at 15.

[73] *Id.* at 26.

[74] *Id.* at 27.